IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY PORTER,

                        Plaintiff,

        v.

CYNTHIA M. THORPE, LORI ASLUM,
DR. DALIA D. SULIENE, STEVE
HELGERSON, DARCI BURRESON and
JENNIFER NICKEL,

                        Defendants.

                                   OPINION AND ORDER

                                       11-cv-749-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action pursuant to 42 U.S.C. § 1983, plaintiff Anthony Porter alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by exhibiting deliberate indifference to his serious medical need. Specifically, plaintiff alleges that defendants refused to schedule prescribed medical consultations and medical tests relating to an infection of his eyes and ears. Plaintiff is proceeding under the in forma pauperis statute and has made an initial partial payment as required by 28 U.S.C. § 1915(b)(1).

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform

1

Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915A.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint, I conclude that it must be dismissed without prejudice because it violates Fed. R. Civ. P. 8.  I will give plaintiff an opportunity to submit an amended complaint that provides more information to support his claim.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff Anthony Porter is incarcerated at the Waupun Correctional Institution in Waupun, Wisconsin.  At the times relevant to this lawsuit, he was an inmate incarcerated at the Columbia Correctional Institution in Portage, Wisconsin.   All defendants are employees of the Department of Corrections.  Defendant Cynitha M. Thorpe is the Bureau of Health Services regional nursing coordinator and a medical complaint reviewer. Defendant Lori Aslum is the health service unit manager at the Columbia Correctional Institution.  Defendant Dr. Dahlia Suliene is a medical doctor at the institution, and defendants Steven Helgersen, Darci Burreson and Jennifer Nickel are registered nurses at the

2

institution.

In January 2010, plaintiff contracted a medically resistant staphylococcus aureus (M.R.S.A.) infection in and behind both ears. The staph infection developed into open ulcers that were painful and drained fluid. Defendants refused to culture plaintiff's infection or allow him a dermatology consultation.

On May 10, 2010, defendant Nickel received from "Divine Savior Healthcare" a fax that included the results of a microbiology test indicating that plaintiff had a M.R.S.A. infection. Defendant Nickel did not act on this information. Plaintiff was not quarantined or separated from the general population.

On June 8, 2010, defendant Suliene received a fax from plaintiff's nurse practitioner, G. Patrice Kennedy, at the gastrointestinal department at University of Wisconsin Hospital. The fax informed defendant Suliene that plaintiff had a M.R.S.A. infection, but Suliene did not act on this information.

On June 9, 2010, defendant John Doe, a nurse, tried looking into plaintiff's ears and suggested that defendant Suliene look. She refused and "again" sent plaintiff to the emergency room at Divine Savior Healthcare. The attending physician at the emergency room, Charles Boursier, examined plaintiff's ears and reported to the correctional staff that plaintiff needed to be seen by a ear, nose and throat specialist within seven to ten days. Defendants Suliene and Aslum did not send plaintiff to the referred specialist.

3

In addition to alleging the above facts, plaintiff has attached to his complaint numerous documents, including several faxes from the emergency room, sixteen information requests, twenty-one health service requests, an offender complaint, five complaint reports, one notice of claim form and other miscellaneous documents.

## OPINION

Unfortunately for petitioner, I cannot consider the merits of his complaint at this time because his pleading violates Rule 8 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment

4

is withheld, <u>Gutierrez</u>, 111 F.3d at 1371-73, "significantly affects an individual's daily activities," <u>Chance v. Armstrong</u>, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, <u>Cooper v. Casey</u>, 97 F.3d 914, 916-17 (7th Cir. 1996) or otherwise subjects the prisoner to a substantial risk of serious harm, <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). "Deliberate indifference" means that officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. <u>Forbes v. Edgar</u>, 112 F.3d 262, 266 (7th Cir. 1997). Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendants know that plaintiff needed treatment?

(3) Despite defendants' awareness of the need, did defendants fail to take reasonable measures to provide the necessary treatment?

Plaintiff's allegations suggest that his infection is a serious medical need that requires treatment. In addition, I can infer that defendants Suliene and Nickel were aware of plaintiff's medical condition and need for treatment.

Unfortunately, plaintiff's complaint does not include enough facts to support an inference that defendants were deliberately indifferent to plaintiff's medical need. At this point, his story is incomplete and contradictory. Plaintiff alleges that he became infected in January 2010, but he has not alleged that he sought treatment from defendants between January and May 2010 or explain whether they provided any form of treatment in that

period.  Plaintiff alleges that his infection went uncultured and untreated until July 2010, but he also alleges that Divine Savior Healthcare performed a microbiology test in May 2010 and Suliene sent him to the emergency room "again" in June 2010.  In addition, defendants Thorpe, Aslum, Helgersen and Burreson do not appear anywhere in plaintiff's narrative.

 Perhaps a more complete story could be reconstructed from the many documents that plaintiff has submitted.  However, it is the plaintiff's job to identify the claims he wants to bring against particular defendants, not the court's.

To meet the requirements of Rule 8, the complaint must give the defendants notice of what they are alleged to have done or failed to do that violated petitioner's constitutional rights. Plaintiff needs to supply more information about his interactions with each defendant, his symptoms during those interactions, what treatment each defendant provided, if any, and how those treatments fell short.

Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. Petitioner is free to file an amended complaint that fixes these problems. Plaintiff's amended complaint should contain short and plain statements of fact made in numbered paragraphs.  These factual statements should  explain what happened to plaintiff to make him believe his rights were violated, when it happened and who did it.  In other words, plaintiff should write his complaint as if he is telling a story to someone who does not know anything about his situation.  In addition, plaintiff should take care to identify the

6

actions taken by each particular defendant that he believes violated his rights.

ORDER

IT IS ORDERED that Plaintiff Anthony Porter's request for leave to proceed in forma pauperis in this action is DENIED and his complaint is DISMISSED WITHOUT PREJUDICE for violation of Fed. R. Civ. P. 8.  Plaintiff may have until February 23, 2012, to submit a proposed amended complaint.  If plaintiff fails to respond by that date, then the clerk of court is directed to close this case for petitioner's failure to prosecute.   If plaintiff submits a revised complaint by that date, then I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2).

Entered this 2d day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge