IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY PORTER,

                                                                      ORDER

            Plaintiff,

                                                                 11-cv-749-bbc

    v.

CYNTHIA M. THORPE,
DR. DALIA D. SULIENE,
STEVE HELGERSON and
JENNIFER NICKEL,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order entered on May 10, 2013, the court granted summary judgment for defendants in this case. Dkt. #72. Judgment was entered on May 13, 2013. Plaintiff has now filed a timely motion for reconsideration under Rule 59(e), dkt. #74, as well as a motion for leave to proceed in forma pauperis on appeal. Dkt. #80.

       The purpose of a Rule 59(e) motion is to allow a court to correct an error. Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). Plaintiff objects to this court's conclusions but has not identified any specific factual or legal errors. Therefore, I will deny the motion for reconsideration.

       Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether plaintiff's request must be denied either because he has three strikes against him under

1

28U.S.C. § 1915(g) or because the appeal is not taken in good faith. Plaintiff does not have three strikes against him, and I do not intend to certify that his appeal is not taken in good faith. Plaintiff's challenge to this court's conclusions on summary judgment is not wholly frivolous. A reasonable person could suppose that it has some merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that he make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). From plaintiff's trust fund account statement, I conclude that he qualifies for indigent status and assess him an initial partial payment of the $455 fee for filing his appeal in the amount of $4.21.

If plaintiff does not have the money to make the initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. The only amount plaintiff must pay at this time is the initial partial appeal payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to make sure they are aware they should send plaintiff's initial partial appeal payment to this court.

ORDER

IT IS ORDERED that

1. Plaintiff Anthony Porter's motion for reconsideration, dkt. #74, is DENIED.

2. Plaintiff's motion to proceed in forma pauperis on appeal, dkt. #80, is GRANTED. Plaintiff may have until August 9, 2013, in which to submit a check or money order made payable to the clerk of court in the amount of $4.21. If, by August 9, 2013, plaintiff fails to make the initial partial payment or explain his failure to do so, I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Further, the clerk of court is directed to insure that the court's financial records reflect plaintiff's obligation to pay the $4.21 initial partial payment and the remainder of the $455 fee in monthly installments.

Entered this 22d day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge